UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARJORIE MERCER,

    Plaintiff,

Case No. 2:17-cv-12528

v.

Hon.

HAGGERTY LOGISTICS, INC.,
JAYTEC, LLC, L&W, INC. d/b/a
L&W GROUP/L&W ENGINEERING CO.,

    Defendants.
_____

  Charlotte Croson (P56589)
  Joseph X. Michaels (P79084)
  NACHTLAW, P.C.
  Attorney for Plaintiff
  101 N. Main St., Suite 555
  Ann Arbor, Michigan 48104
  (734) 663-7550
  jmichaels@nachtlaw.com
  ccroson@nachtlaw.com
_____

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Marjorie Mercer, by and through her attorneys, NACHTLAW, P.C., hereby alleges as follows:

1

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Marjorie Mercer, (Ms. Mercer") is an individual residing in Lenawee County, Michigan.

2. Defendant, Haggerty Logistics, Inc., is a Michigan Corporation with its principal place of business in Wayne County, Michigan. Upon information and belief, it is a wholly-owned subsidiary of L&W, Inc.

3. The registered office of Defendant, Haggerty Logistics, Inc., is located at 333 W. Fort St., Ste. 1200, Detroit, MI 48226.

4. Defendant, Jaytec, LLC, is a Michigan limited liability corporation with its principal place of business located in Monroe County. Upon information and belief, it is a wholly-owned subsidiary of L&W, Inc.

5. The registered office of Defendant, Jaytec, LLC, is located at 333 W. Fort St., Ste. 1200, Detroit, MI 48226.

6. Defendant, L&W, Inc., is a Michigan Corporation with its principal place of business in Wayne County, Michigan, that conducts business under the name "L&W Group/L&W Engineering Co."

7. The registered office of Defendant, L&W, Inc., is located at 333 W. Fort St., Ste. 1200, Detroit, MI 48226.

8. Jurisdiction is proper pursuant to 29 U.S.C. § 1331 as the claims arise out of federal law.

9. Venue is proper in this Court under 28 U.S.C. § 1391 (b)(1)-(2) as this is the judicial district in which a substantial part of the events giving rise to this claim occurred and Defendants' principal places of business are located in this judicial district.

10. Ms. Mercer filed a timely charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC) and brings this action within ninety days of receipt of a "Notice of Right to Sue", issued by the EEOC on May 9, 2017.

## STATEMENT OF FACTS

11. Ms. Mercer is a 61-year-old female.

12. Ms. Mercer began her employment with Defendant L&W Engineering Co. on February 26, 2001, as a production associate, earning $10.00 per hour, at Defendant's Blissfield, Michigan location, commonly known as Plant 4.

13. Thereafter, Ms. Mercer quickly rose through the ranks. In April 2001, she was promoted from production associate to customer service representative. In the following years, she was promoted again to shipping coordinator, and then shipping manager, at Plant 4.

14. In January 2010, Plaintiff was promoted, again, to a position with Defendant, Haggerty Logistics.

15. In her new role at Haggerty Logistics, Plaintiff travelled to several of Defendants' locations, including its stamping plant in Lebanon, Tennessee, commonly known as Plant 5.

16. In 2011, during a one-week trip to Plant 5, Ms. Mercer observed a sexually hostile environment in the plant created by the unwelcome sexual conduct of Defendants' employees.

17. Among other acts, Ms. Mercer observed a female customer service representative dancing on tables and discussing her "no-no square", i.e., her pubic area, while three male employees watched.

18. Female employees at Plant 5 informed Ms. Mercer that this type of behavior occurred nearly every day and they were offended by it.

19. Ms. Mercer immediately complained to her supervisor, Keile Coffman, Director of Material Planning and Logistics ("MP&L"), about the sexually charged and harassing work environment.

20. Because of Ms. Mercer's complaint, Ms. Coffman terminated two employees, Rochelle Cardin and Gerald Falsone.

21. Soon thereafter, Defendants terminated Ms. Coffman and transferred Ms. Mercer to L&W Headquarters in Huron Township, Michigan.

22. Defendant replaced Ms. Coffman with Clair Stewart, a 37-year-old male.

23. Mr. Stewart rehired Gerald Falsone and returned him to Plant 5.

24. In June 2012, Ms. Mercer returned to Plant 5 in Tennessee and observed recurring sexual harassment and employment discrimination.

25. Ms. Mercer learned that an older employee, Joyce Kilmer, interviewed for a customer service position in MP&L and was told by Manager Rick Ollom that Defendants were "looking for someone not close to retirement age."

26. Ms. Mercer observed Caucasian employees regularly call a Hispanic employee "greaser" and "wop".

27. Ms. Mercer complained to Mr. Stewart about the discrimination she had observed.

28. As a result of Ms. Mercer's complaints, Defendants terminated Ms. Kilmer. Defendants took no remedial actions to address the discrimination reported by Ms. Mercer.

29. Throughout 2013 and 2014, the harassment and discrimination at Plant 5 continued to escalate.

30. At least three employees at Plant 5 contacted Ms. Mercer to complain about sexual and racial harassment.

31. Managerial employees made derogatory comments including, but not limited to:

    a. "A woman's place is on her back with her feet in the air,";

5

      b.     "I won't interview anyone who isn't at least an 8";

      c.     "I don't care about her skills.  Is she ugly or not?";

      d.     "Show me a picture and I'll tell you if we want her,";

      e.     "Don't pay attention to her, she's just got PMS,"; and

      f.     "Did you get you some of that brown sugar?"

32.    Male employees and managers repeatedly propositioned female employees for dates, asked them to perform shoulder massages and subjected them to unwanted touching of a sexual nature.

33.    Ms. Mercer reported the discrimination and hostile environment to Mr. Stewart and Human Resources Representative, Lisa McGunagle.

34.    Mr. Stewart took no action.

35.    Defendants terminated Ms. McGunagle before she could investigate Ms. Mercer's complaints.

36.    On April 15, 2014, Mr. Stewart told Ms. Mercer that her pay grade was being lowered, her pay was being frozen and her office was being taken away.

37.    Mr. Stewart threatened Ms. Mercer that, "you will never see another raise as long as you work here".

38.    In May 2015, Ms. Mercer travelled to Plant 5 and learned that the harassment had continued and worsened. Along with continued racial and sexual

comments, a management employee was making *quid pro quo* advances to female production employees by telling them, "If you say yes, I will get you a desk job."

39. When she returned to Michigan, Ms. Mercer confronted Mr. Stewart and demanded to know why these issues were not being addressed.

40. One month later, on June 16, 2015, Mr. Stewart stripped Ms. Mercer of her corporate title and moved her to Defendant, Jaytec, LLC, in Milan with no stated reason other than he was "moving in another direction."

41. Ms. Mercer reported to Human Resources Representative, Kim Freeman, that she wanted to file an age and sex discrimination complaint. Ms. Mercer demanded an investigation into age and sex discrimination perpetrated against her and again reported the harassment and discrimination at Plant 5 to Ms. Freeman and Mr. Stewart

42. Mr. Stewart instructed Ms. Mercer to hand over her company phone to be replaced.

43. Ms. Mercer subsequently complained of discrimination against her and the persistent sexual harassment at Plant 5 to Jodi Lampert, the Director of Associate Services.

44. In April 2016, Ms. Freeman took unwarranted disciplinary action against Ms. Mercer. Ms. Mercer demanded to know why an investigation was being

7

launched against her but no actions had been taken regarding her reports of persistent and severe sexual and racial harassment and her own disparate treatment.

45. On July 1, 2016, Ms. Lampert told Ms. Mercer that Defendants had done a "thorough investigation" into Ms. Mercer's complaints but had found no evidence to support Ms. Mercer's allegations.

46. Five days later, on July 6, 2016, Defendants terminated Ms. Mercer for the pretextual reason of "unsatisfactory managerial performance".

47. Younger, male employees, who were similarly situated to Plaintiff, were not subject to the same treatment, including unwarranted discipline and termination, as Plaintiff.

## COUNT I
## AGE DISCRIMINATION IN VIOLATION OF
## THE AGE DISCRIMINATION IN EMPLOYMENT ACT

48. Plaintiff herein reincorporates her allegations in the paragraphs above.

49. At all relevant times, Defendants were employers and persons, and Plaintiff was an employee and person, covered by and within the meaning of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

50. Plaintiff is a member of a protected class because of her age at the time of her termination, 61 years old.

51. During her employment with Defendants, Plaintiff was subjected to adverse employment actions, including but not limited to termination.

8

52. But for Plaintiff's age, she would not have been terminated and subjected to other disparate treatment.

53. Defendants' actions constituted unlawful discrimination against Plaintiff because of her age in violation of 29 U.S.C. § 623(a).

54. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## COUNT II
## SEX DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT

55. Plaintiff herein reincorporates her allegations in the paragraphs above.

56. At all relevant times, Defendants were employers and persons, and Plaintiff was an employee and person, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*

57. Plaintiff is a member of a protected class because of her sex, female.

58. During her employment with Defendants, Plaintiff was subjected to adverse employment actions, including but not limited to termination.

59. But for Plaintiff's sex, she would not have been terminated and subjected to other disparate treatment.

60. Defendants' actions constituted unlawful discrimination against Plaintiff because of her sex in violation of 42 U.S.C. §2000e-2(a).

61. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## COUNT III
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT AND THE AGE DISCRIMINATION IN EMPLOYMENT ACT

62. Plaintiff herein reincorporates her allegations in the paragraphs above.

63. At all relevant times, Defendants were employers and persons, and Plaintiff was an employee and person, covered by and within the meaning of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act.

64. Plaintiff engaged in protected conduct by repeatedly opposing the age discrimination, sex discrimination, and sexual harassment perpetrated against her and other employees of Defendants, including her own disparate treatment, and the persistent sexual harassment of employees at Plant 5.

65. Plaintiff reasonably believed that these actions were discriminatory

66. Because of her protected conduct, Defendants retaliated against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e-3, and the ADEA, 29 U.S.C. § 623(d), including, but not limited to, by terminating her.

67. But for Plaintiff's protected conduct, she would not have been terminated and subjected to other disparate treatment.

68. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and retirement benefits; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation.

## **Relief Requested**

For all of the foregoing reasons, Plaintiff Marjorie Mercer demands judgment against Defendants as follows:

    a. Compensatory damages for monetary and nonmonetary loss in whatever amount she is found to be entitled;

    b. Exemplary and punitive damages in whatever amount she is found to be entitled;

    c. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled;

    d. An order of this Court reinstating Plaintiff to the position she would have if there had been no wrongdoing by Defendants;

    e. An injunction of this Court prohibiting any further acts of discrimination by Defendants;

    f.    An award of interest, costs and reasonable attorney fees; and

    g.    Whatever other equitable relief this Court find appropriate.

> Respectfully submitted,
> NACHTLAW, P.C.
>
> /s/ *Charlotte Croson*
> Charlotte Croson (P56589)
> Attorney for Plaintiff

Dated:  August 4, 2017

## DEMAND FOR TRIAL BY JURY

Plaintiff, by and through her counsel, hereby demands a trial by jury as to all those issues so triable as of right.

> Respectfully submitted,
> NACHTLAW, P.C.
>
> /s/ *Charlotte Croson*
> Charlotte Croson (P56589)
> Attorney for Plaintiff

Dated:  August 4, 2017